### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-395-NJR |
| | ) |
| CHARLES SWISHER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joshua Hoskins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges various constitutional violations by a number of individuals at Pinckneyville which occurred from June 5, 2019 to April 30, 2020. He asserts claims against the defendants under the First and Eighth Amendments. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff's Complaint is 86 pages with an additional sixteen pages of exhibits (Doc. 1). It includes allegations against fifty-seven (57) individuals at Pinckneyville. It includes various conversations and interactions he had with the individuals from June 5, 2019 to April 28, 2020 (Doc. 1, pp. 52-85). It appears to be a chronology of events that took place while he was housed at the prison. His main allegations appear to include claims that various individuals denied him access to psychotropic medications he needs for his mental condition and also denied him access to hygiene supplies, clothing, and showers in retaliation for filing lawsuits and grievances, but he includes a number of other acts of retaliation and deliberate indifference to his medical needs and conditions of confinement.

Among other things, Plaintiff's Complaint contains the following: denial of medication in retaliation for filing lawsuits and grievances (Doc. 1, pp. 52-85); denial of hygiene supplies, clothing, cleaning supplies, and showers in retaliation for filing lawsuits and grievances; various conditions of confinement claims in approximately five different cells; denial of treatment for dental conditions, including bleeding gums and need for fillings; denial of treatment for a bleeding rectum; denial of treatment for a spider bite; denial of treatment for various other ailments caused by the conditions of his cells including itchy skin rashes and a cut foot; and a falsified disciplinary ticket.

## Discussion

Simply put, the Complaint violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of

the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). There is nothing simple, concise, or direct about Plaintiff's Complaint. It is 86 pages and contains every interaction that he had with 57 individuals from the time he arrived at Pinckneyville until the date he filed his Complaint.

Plaintiff's Complaint also include allegations which appear to be the subject of another lawsuit. He alleges that all of the defendants denied him access to his medications, but the allegations against Swisher, Baker, and Frank also appear to be the subject of another lawsuit pending before this Court. *See Hoskins v. Johnson*, Case No. 19-cv-1303-SMY (Doc. 13, p. 4) (deliberate indifference claim against Swisher, Baker, and Frank for, among other things, denying him access to psychotropic medications).

Plaintiff's Complaint also violates the rules of joinder under Federal Rules of Civil Procedure 18 through 20. Plaintiff includes every instance where he was denied medical treatment or access to supplies, as well as retaliated against, since June 2019. Although much of his Complaint discusses his inability to access prescribed psychotropic medications, it also includes various other complaints with medical and dental care at Pinckneyville. There are also various conditions of confinement claims for the conditions of a number of cells he was housed in, both in segregation and general population. Many of the claims arise from distinct transactions or occurrences and share no common questions of fact. The claims cannot proceed together in one lawsuit. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). Although the Court could exercise its authority to sever the unrelated claims into several different lawsuits, that

3

action may result in a surplus of filing fees and potential strikes under 28 U.S.C. § 1915(g). See *George*, 507 F.3d at 607; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Instead, the Court will allow Plaintiff an opportunity to amend his Complaint because he is in the best position to decide which claims he wants to pursue. But he is reminded that he must focus on related claims against a single group of defendants.

Accordingly, the Complaint is **DISMISSED without prejudice**. Plaintiff will have an opportunity to file a First Amended Complaint if he wishes to pursue any of his claims in this action. If he chooses to do so, Plaintiff must comply with the instructions and deadlines set forth in the below disposition. Plaintiff is reminded that should he continue to pursue unrelated claims, those claims will be subject to severance into new cases subject to additional filing fees.

## Pending Motions

Recently, Plaintiff filed a motion for urgent preliminary injunction (Doc. 7). He alleges that his counselor Mr. Reid, who is not a party to this lawsuit, informed Plaintiff that he would not process his grievances if they included serious allegations against officials at Pinckneyville (*Id.* at p. 2). He alleges that he had a conversation with Mr. Reid on May 19, 2020. Reid informed him that he had learned from various Defendants in this case that Plaintiff is a prisoner who files frequent lawsuits and he will not process grievances that could get staff fired or sued (*Id.*). Plaintiff acknowledges that Mr. Reid took his grievance and placed it in the grievance box. .He alleges that Walls, who is a defendant in this case, informed Plaintiff that he spoke with Reid and his grievance would not be addressed (*Id.* at p. 3). The grievance included allegations against numerous individuals, including some of the defendants in this case, and was about his access to psychotropic medications, medical care, and hygiene supplies in May 2020 (*Id.* at p. 4). Plaintiff indicates that

4

he wants to file a lawsuit about these allegations but needs to exhaust his administrative remedies. He asks for a Court order directing the warden to address his grievance (*Id*. at p. 4).

The Court **DENIES** the motion. The motion includes allegations against a non-party, Mr. Reid, and deals with grievances that were filed after this lawsuit. Although he alleges that the grievance includes allegations similar to those in this lawsuit, it appears to be additional claims that occurred after the filing of this suit, including the denial of his medication on May 12, 2020. His motion also deals with new acts of retaliation which would have to be brought in a new lawsuit. If Plaintiff's grievances are not exhausted due to the actions of correctional staff, he may raise that issue in his new lawsuit.

### Disposition

For the reasons stated above, Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **June 19, 2020**, if he wishes to pursue any claims in this case. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. The Clerk is **DIRECTED** to send Plaintiff a blank civil rights complaint form to aid him in filing a First Amended Complaint. Plaintiff is reminded that his Amended Complaint should include a short, plain statement of his

claims and the allegations should focus on related issues, rather than the kitchen sink Complaint currently before the Court.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/21/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**