# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-395-NJR |
| ) | |
| CHARLES SWISHER, MR. DUDEK, C. ) | |
| WALL, MR. MERACLE, MR. HALE, ) | |
| MR. MUMBOWER, MR. ) | |
| VANDEKEROVE, MR. KULICH, MR. ) | |
| LIVELY, MR. JUSTICE, MARK A. ) | |
| BELL, MR. BAKER, MR. COOLEY, ) | |
| MR. FRANK, A. WILLIAMS, MR. ) | |
| ADAMS, MR. HECK, MR. ) | |
| JURKOWSKI, MR. BEDFORD, JANA ) | |
| RUETER, MR. HERMANN, ROBERT ) | |
| TOMSHAK, MR. WANGLER, MR. ) | |
| WANACK, MR. OLEARY, MR. PEEK, ) | |
| MR. SHIRLEY, MR. JOHNSON, MR. ) | |
| MICHAEL BAILEY,[1] ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joshua Hoskins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His original Complaint (Doc. 1) was dismissed for violation Federal Rule of Civil Procedure 8 (Doc. 8). He was granted leave to amend his Complaint.

---

[1] Although Mr. Lacy remains on the docket as a defendant, he is not labeled as a defendant in the caption of Plaintiff's First Amended Complaint and should be considered **DISMISSED without prejudice**.

1

In his First Amended Complaint (Doc. 14), Plaintiff alleges Defendants prevented him from obtaining psychotropic medications in retaliation for Plaintiff filing grievances against staff. He asserts claims against the defendants under the First and Eighth Amendments. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 14): From June 5, 2019 to April 30, 2020, Defendants have denied Plaintiff access to his psychotropic medications which he takes for psychotic issues, bipolar disorder, and other mental illnesses (Doc. 14, p. 9). Defendants told him that he needed to refuse the medications when offered by medical staff or he would be placed in segregation on false disciplinary charges (*Id*.). A. Williams specifically told him that he had the other defendants watching him to make sure that Plaintiff refused his medications. Mr. Frank told him that he would not allow Plaintiff to have his medication until he provided Frank with specific information he requested about staff investigations (*Id*.). Defendants sought to prevent Plaintiff from receiving his medications allegedly in retaliation for Plaintiff writing grievances and filing lawsuits against Swisher, A. Williams, and other staff members. As a result of not receiving his medications, Plaintiff suffered from depression, thoughts of harming himself, hallucinations, and other mental health issues (*Id*.).

**Discussion**

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Eighth Amendment deliberate indifference to medical needs claims against all Defendants for denying Plaintiff access to psychotropic medications.
>
> **Count 2:** First Amendment retaliation claim against all Defendants for denying Plaintiff access to medications in retaliation for filing grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Count 1**

At this stage, Plaintiff states a viable claim for deliberate indifference against all of the defendants. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). The Court previously noted that the deliberate indifference claim against Swisher, Baker, and Frank might be the subject of another lawsuit pending in this Court. *See Hoskins v. Johnson*, Case No. 19-cv-1303-SMY (Doc. 13, p. 4). Plaintiff filed a motion for the Court to consider (Doc. 12) stating that he only referred to his denial of medications in the *Johnson* case to demonstrate the basis for the retaliatory conduct in that case. He states that he did not allege a deliberate indifference claim in

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Johnson* regarding his access to medications. The Court **GRANTS** the motion to consider (Doc. 12), and at this stage will allow the claims against Swisher, Baker, and Frank to proceed.

To the extent that Plaintiff seeks injunctive relief, Jeff Dennison (official capacity only), the current warden of Pinckneyville, is added to the case. All other claims against Defendants in their official capacities are **DISMISSED without prejudice**.

### Count 2

Plaintiff also states a claim for retaliation against all Defendants. *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Jeff Dennison (official capacity only) is also added to Count 2 for the purposes of implementing any injunctive relief.

### Pending Motions

In addition to his First Amended Complaint, Plaintiff has two motions pending. Plaintiff's motion to the Court and notice (Doc. 11) indicates that he was not able to detail his entire litigation history in his First Amended Complaint because he did not have additional paper. Plaintiff included his complete litigation history in his original Complaint, which the Court accepts. His motion (Doc. 11) is **DENIED as moot**. The Court also **DENIES as moot** his motion to immediately screen his First Amended Complaint (Doc. 15).

### Disposition

For the reasons stated above, Count 1 and 2 shall proceed against all Defendants. The Clerk is **DIRECTED** to add Jeff Dennison (official capacity only) to the docket for purposes of implementing any injunctive relief awarded.

The Clerk of Court shall prepare for Defendants Charles Swisher, Mr. Dudek, C. Wall, Mr. Meracle, Mr. Hale, Mr. Mumbower, Mr. VanDekerove, Mr. Kulich, Mr. Lively, Mr. Justice, Mark

4

A. Bell, Mr. Baker, Mr. Cooley, Mr. Frank, A. Williams, Mr. Adams, Mr. Heck, Mr. Jurkowski, Mr. Bedford, Jana Rueter, Mr. Hermann, Robert Tomshak, Mr. Wangler, Mr. Wanack, Mr. Oleary, Mr. Peek, Mr. Shirley, Mr. Johnson, and Michael Bailey: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/16/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**